UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIANA INDUSTRIES INC.,

    Plaintiff,

vs                                             Case No: 06-12568
                                                    Honorable Victoria A. Roberts

EMPIRE ELECTRONICS, INC.,

    Defendant.
_____/

## OPINION AND ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Emergency Motion for reconsideration of the Court's Order granting a preliminary injunction and Emergency Motion to amend or correct the Order granting a preliminary injunction. For the following reasons, the Court: (1) **DENIES** Defendant's Motion for reconsideration; and (2) **GRANTS** its Motion to Amend the Order.

**II.    BACKGROUND**

This action arise out of the alleged infringement by Defendant of Plaintiff's patent for potted lamp sockets.

The underlying facts are fully set forth in this Court's Opinion and Order granting preliminary injunction entered July 25, 2006 [Doc. 15].

On August 2, 2006, Defendant filed an Emergency Motion for reconsideration of the preliminary injunction. It claimed that the Court misapplied prosecution history estoppel and the doctrine of equivalents test in light of *Warner-Jenkinson Company, Inc.*

1

*v. Hilton Davis Chemical Company*, 520 U.S. 17 (1997), which held that when an amendment is added during prosecution, there is a presumption that prosecution history estoppel applies.  Additionally, Defendant directs the Court to a recent Supreme Court case that it claims eliminates the presumption of irreparable harm after a showing of patent validity and infringement.  Lastly, Defendant claims the Court did not adequately weigh the public interest because it contends Plaintiff is not a certified supplier to General Motors ("GM").  If the injunction is in effect, Defendant asserts GM may have to halt production because it would not be able to obtain lamp sockets from a certified supplier.

Defendant also filed an Emergency Motion to amend or correct the preliminary injunction Order.  Defendant claims the language of the Order is too broad and the bond amount is inadequate.

### III.   STANDARD OF REVIEW

(g) Motions for Rehearing or Reconsideration.

\* \* \*

(3) Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g).

### IV.   APPLICABLE LAW AND ANALYSIS

#### A.   Prosecution History Estoppel

Defendant's first allegation of palpable defect is that the Court misapplied

prosecution history estoppel. Specifically, it argues that Plaintiff's addition of the "substantially perpendicular" language to claim 8 (later claim 3), is presumed to be a narrowing amendment. Thus, according to Defendant, because Plaintiff did not offer a reason for the amendment, the Court should presume that it was offered to narrow the claim. Under this presumption, Defendant contends the Court should not have applied the doctrine of equivalents.

Defendant is correct that *Warner-Jenkinson* held that "the burden is on the patent holder to establish the reason for an amendment required during patent prosecution." *Warner-Jenkinson*, 520 U.S. at 33. However, the Court also noted that where an explanation is established that the amendment was not related to patentability, prosecution history estoppel does not bar application of the doctrine of equivalents to that element. *Id*.

Plaintiff claimed that the amendment was not made to make the claim patentable, *i.e.* to get over prior art. Rather, it claims it was for the sake of clarity. [Transcript, p.86]. Defendant actually assisted in establishing that the 'substantially perpendicular" language was not added to make the claim patentable; it introduced several prior art patents disclosing perpendicular terminals at the hearing.

Accordingly, the Court concluded, in keeping with *Warner-Jenkinson*, that the amendment to add "substantially perpendicular" language did not invoke prosecution history estoppel. This Court properly applied the doctrine of equivalents.

    **B.**    **Irreparable Harm**

Defendant asserts that in *Ebay, Inc. v. Mercexchange, LLC*, 126 S.Ct. 1837 (2006), the Supreme Court eliminated the presumption of irreparable harm for

preliminary injunctions upon a showing of validity and infringement.

Plaintiff argues, and this Court agrees, that *Ebay* did not invalidate the presumption. The *Ebay* Court addressed the proper analysis for *permanent* injunctive relief. It held that courts err by categorically granting permanent injunctive relief on a showing of infringement and validity, without analyzing the traditional four factors for injunctive relief. The Court reiterated that the grant or denial of injunctive relief rests with the equitable discretion of the Court, which must consider the four factors.

This Court did precisely that in its decision that Plaintiff was entitled to a preliminary injunction.

### C. Public Interest

Defendant's argument that the Court failed to properly assess the public interest factor is unavailing. On reconsideration, Defense counsel informs the Court that a grant of injunctive relief to Plaintiff could interrupt GM's production, evidence already considered by the Court.

Additionally, Plaintiff claims the situation is not as dire as Defendant would have the Court believe. It claims, and offers an affidavit in support, that it is certified to provide several parts. [Response, Exhibit 1]. For the parts that it is not certified to provide, Plaintiff offers to license its patent to Defendant until such time as it is certified.

### D. Emergency Motion to Amend or Correct the Order

Defendant contends that the language of the Order is too broad because it enjoins the Defendant from manufacturing or selling not only the lamp sockets considered by the Court at the hearing, but also "any other product that infringes, or induces or contributes to the infringement of" the '301 patent. [Doc. 18, p.2].

The Order will be amended to enjoin Defendant only as to the lamp socket designs considered by the Court at the hearing, as defined in the Order. The additional language, quoted above, will be stricken. See *International Rectifier Corporation v. IXYS Corporation*, 383 F.3d 1312, 1316-1317 (Fed. Cir. 2004).

Lastly, Defendant claims that the bond amount posted by Plaintiff, $100,000, is inadequate to protect it from potential losses. It argues that it is uncontested that it stands to lose $2.5 million. [Transcript, p. 74-75].

FRCP 65(c) provides:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Because Plaintiff does not contest the amount presented by Defendant as its potential for loss, the bond will be increased to adequately cover that amount.

## V.   CONCLUSION

For the foregoing reasons, the Court: (1) **DENIES** Defendant's Emergency Motion for reconsideration of the Order granting preliminary injunction; and (2) **GRANTS** Defendant's Emergency Motion to amend or correct the Order.

**IT IS SO ORDERED**.

                                              /s/  Victoria A. Roberts  
                                              Victoria A. Roberts  
                                              United States District Judge

Dated:  August 4, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 4, 2006.

s/Linda Vertriest  
Deputy Clerk

---